Joseph A. Mullaney, III, Esquire
Brian T. Shaw, Esquire
**LAW OFFICES OF DIMITRIOS KOLOVOS, LLC**
701 White Horse Road, Suite 3          Attorneys for Plaintiff
Voorhees, NJ 08043
Telephone:  856-784-0101
Facsimile:  856-784-5558

### UNITED STATES DISTRICT COURT

### FOR THE

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NCO GROUP, INC., | ) |
| | ) |
| and | ) |
| | ) **DOCKET NO.:** |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| and | ) |
| | ) |
| NCO FINANCIAL SERVICES, INC., | ) |
| | ) |
| and | ) **CIVIL ACTION COMPLAINT** |
| | ) **(Unlawful Debt Collection** |
| NCO PORTFOLIO MANAGEMENT, INC., | ) **Practices, *inter alia*)** |
| | ) |
| and | ) **JURY TRIAL DEMANDED** |
| | ) |
| CAPITAL ONE SERVICES, INC. | ) |
| a/k/a and/or t/a and/or d/b/a | ) |
| and/or f/k/a and/or n/k/a | ) |
| CAPITAL ONE BANK a/k/a and/or | ) |
| t/a and/or d/b/a and/or f/k/a | ) |
| and/or n/k/a CAPITAL ONE, | ) |
| F.S.B., a/k/a and/or t/a and/or | ) |
| d/b/a and/or f/k/a and/or n/k/a | ) |
| CAPITAL ONE, | ) |
| | ) |
| and | ) |
| | ) |

```
XYZ CORPORATIONS I - X,            )
fictitious representation of       )
any other additional entities,     )
legal or otherwise, who have       )
been involved in the acts          )
and/or omissions giving rise to    )
this Civil Action Complaint,       )
heretofore unknown to the          )
Plaintiff,                         )
                                   )
        and                        )
                                   )
JOHN DOES I - C, fictitious        )
representations of individuals     )
in their individual capacities,    )
and in their capacities as         )
officers, directors,               )
shareholders, founders, owners,    )
agents, servants, employees,       )
sales representatives, and/or      )
independent contractors of NCO     )
GROUP, INC., NCO FINANCIAL         )
SYSTEMS, INC., NCO FINANCIAL       )
SERVICES, INC., NCO PORTFOLIO      )
MANAGEMENT, INC. and/or CAPITAL    )
ONE SERVICES, INC. and/or the      )
XYZ CORPORATIONS I - X,            )
heretofore unknown to the          )
Plaintiff,                         )
                                   )
        Defendants.                )
                                   )
```

## I.  INTRODUCTION

1.   This is a Civil Action Complaint for actual damages and

     statutory damages and treble damages and punitive damages

     and costs and attorneys fees brought by an individual

     consumer for the violations of the Defendants, and each and

     every one of them, of the U.S. Fair Debt Collection

     Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692,

*et seq.* and The Communications Act of 1934 (hereinafter, the "TCA"), 47 U.S.C. § 151, *et seq.* and the Telephone Consumer Protection Act of 1991 (hereinafter, the "TCPA"), 47 U.S.C. § 227, *et seq.* and 47 C.F.R. 64.1200, et seq. as well as the intentional tort of Invasion of Privacy – Intrusion upon Seclusion.

## II. JURISDICTION AND VENUE

2. Plaintiff repeats the foregoing and incorporates the preceding and succeeding Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

3. Subject Matter Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This Honorable District Court has *in personam* jurisdiction over the defendants in this action as same is authorized by the Commonwealth of Pennsylvania under 42 Pa.C.S. § 5322 (A)(1)(i) and in that the Defendants' principal place of business is located within the forum state and/or the Defendants are incorporated and/or formed within the forum and/or the Defendants have sufficiently conducted businesses and/or otherwise purposely availed themselves to

the privileges and benefits of the forum and/or the

transactions or occurrences giving rise to the Civil Action

Complaint took place in the forum.

6.  Venue in this Honorable District Court is proper under 28

U.S.C. § 1391(b) in that the Defendants' and each and every

one of them reside within the forum state and/or a

substantial part of the events or omissions giving rises to

the claims occurred within the forum state and/or any

defendant may be found in the forum state where there is no

district in which the action may be otherwise brought.

### III. PARTIES

7.  Plaintiff repeats the foregoing and incorporates the

preceding and succeeding Paragraphs of this Civil Action

Complaint as if each of them was reprinted herein below.

8.  At all times material and relevant hereto, Plaintiff JAMES

M. WATSON (hereinafter "Plaintiff") is a natural person

residing in and a citizen of the State of Florida and of

the United States of America.

9.  At all times material and relevant hereto, Plaintiff is a

"consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

10. At all times material and relevant hereto, Plaintiff was

alleged to have owed a "debt" to the Defendants, and each

and every one of them, of a personal, family, and/or

household nature as defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. At all times material and relevant hereto, Plaintiff owned, operated and/or controlled "customer premises equipment" as defined by the TCA, 47 U.S.C. § 153(14), that originated, routed, and/or terminated telecommunications.

12. At all times material and relevant hereto, Plaintiff is a "person" as defined by the TCA, 47 U.S.C. § 153(32).

13. At all times material and relevant hereto, Defendant, NCO GROUP, INC., is a public corporation engaged in the business of collecting debts nationally, locally and within the Commonwealth of Pennsylvania and within the State of Florida with its principal place of business located at 507 Prudential Road, the Township of Horsham, the County of Montgomery, Commonwealth of Pennsylvania, with a zip code of 19044.

14. The principal purpose of Defendant NCO GROUP, INC. is the collection of consumer debts using the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce, and Defendant NCO GROUP, INC. regularly attempts to collect consumer debts alleged to be due another.

15. At all times material and relevant hereto, Defendant, NCO FINANCIAL SYSTEMS, INC., is a public corporation engaged in

the business of collecting debts nationally, locally and within the Commonwealth of Pennsylvania and within the State of Florida with its principal place of business located at 507 Prudential Road, the Township of Horsham, the County of Montgomery, Commonwealth of Pennsylvania, with a zip code of 19044.

16.   The principal purpose of Defendant NCO FINANCIAL SYSTEMS, INC. is the collection of consumer debts using the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce, and Defendant NCO FINANCIAL SYSTEMS, INC. regularly attempts to collect consumer debts alleged to be due another.

17.   At all times material and relevant hereto, Defendant, NCO FINANCIAL SERVICES, INC., is a public corporation engaged in the business of collecting debts nationally, locally and within the Commonwealth of Pennsylvania and within the State of Florida with its principal place of business located at 6700 Century Avenue, Suite 210, the City of Mississauga, the Province of Ontario, Dominion of Canada, with a postal code of L5N 6A4.

18.   The principal purpose of Defendant NCO FINANCIAL SERVICES, INC. is the collection of consumer debts using the United States mail service, telephone, telegram and other

instrumentalities of interstate and intrastate commerce,
and Defendant NCO FINANCIAL SERVICES, INC. regularly
attempts to collect consumer debts alleged to be due
another.

19. At all times material and relevant hereto, Defendant, NCO
PORTFOLIO MANAGEMENT, INC. is a public corporation engaged
in the business of collecting debts nationally, locally and
within the Commonwealth of Pennsylvania and within the
State of Florida with its principal place of business
located at 1804 Washington Boulevard, using Department 200,
the City of Baltimore, State of Maryland, with a zip code
of 21230.

20. The principal purpose of Defendant NCO PORTFOLIO
MANAGEMENT, INC. is the collection of consumer debts using
the United States mail service, telephone, telegram and
other instrumentalities of interstate and intrastate
commerce, and Defendant NCO PORTFOLIO MANAGEMENT, INC.
regularly attempts to collect consumer debts alleged to be
due another.

21. At all times material and relevant hereto, Defendant,
CAPITAL ONE SERVICES, INC. a/k/a and/or t/a and/or d/b/a
and/or f/k/a and/or n/k/a CAPITAL ONE BANK a/k/a and/or t/a
and/or d/b/a and/or f/k/a and/or n/k/a CAPITAL ONE, F.S.B.,
a/k/a and/or t/a and/or d/b/a and/or f/k/a and/or n/k/a

CAPITAL ONE (hereinafter, "CAPITAL ONE") is a public corporation engaged in the business of collecting debts nationally, locally and within the Commonwealth of Pennsylvania and within the State of Florida with its principal place of business located at 15000 CAPITAL ONE Drive, Attn:  12072-0300, Richmond, VA  23238.

22. The principal purpose of Defendant CAPITAL ONE is the collection of consumer debts using the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce, and Defendant CAPITAL ONE regularly attempts to collect consumer debts alleged to be due another.

23. At all times material and relevant hereto, Defendants XYZ CORPORATIONS I – X are believed to be public corporations, limited liability companies, limited liability partnerships, partnerships, sole proprietorships, companies, businesses, syndicates, groups, cooperatives, societies, associations, unincorporated associations, and/or entities, lawful or otherwise, engaged in the business, trade, and/or industry of collecting debts nationally, locally and within the Commonwealth of Pennsylvania and within the State of Florida with their principal places of businesses believed to be located in the United States of America and/or the Dominion of Canada

and/or the United Kingdom of Great Britain and Northern
Ireland and/or the Republic of Antigua and Barbuda and/or
the Royal Republic of Barbados and/or the Republic of India
and/or La Republica de Panama (The Republic of Panama)
and/or Republika ng Pilipinas (Republic of the Philippines)
and/or El Estado Libre Asociado de Puerto Rico
(Commonwealth of Puerto Rico).

24. The principal purpose of Defendants, XYZ CORPORATIONS I –
X, are believed to be the collection of consumer debts
using the United States mail service, telephone, telegram
and other instrumentalities of interstate and intrastate
commerce, and Defendants, XYZ CORPORATIONS I – X, regularly
attempt to collect consumer debts alleged to be due
another.

25. Defendants NCO GROUP, INC. and NCO FINANCIAL SYSTEMS, INC.
and NCO FINANCIAL SERVICES, INC. and NCO PORTFOLIO
MANAGEMENT, INC. and CAPITAL ONE and XYZ CORPORATIONS I – X
are collectively referred hereinafter as "CORPORATE
DEFENDANTS."

26. Defendants, JOHN DOES I – C (one through one
hundred)(hereinafter, "John Does") are believed to be
employees, servants, or agents employed by the CORPORATE
DEFENDANTS, and are natural persons employed by the
CORPORATE DEFENDANTS as debt collectors and/or as

supervisors or managers of debt collectors at all times relevant to this Civil Action Complaint.

27. At all times material and relevant hereto, Defendants John Does were the agents, servants, workpersons, employees, and/or independent contractors of the CORPORATE DEFENDANTS while engaging in acts or omissions giving rise to the present Civil Action Complaint and while in the course and scope of their relationships with the CORPORATE DEFENDANTS and/or with the CORPORATE DEFENDANTS' permission, authority, direction, and/or sufferance.

28. At all times material and relevant hereto, Defendants John Does serviced, handled, reviewed, discussed, concerned themselves, supervised, managed, and/or were responsible for debt collection, credit repair and/or accounts alleged to be the liability of Plaintiff or of other consumers.

29. Defendants, and each and every one of them, and at all times material and relevant hereto, engaged in "communication" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

30. Defendants, and each and every one of them, and at all times material and relevant hereto, are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

31. Defendants, and each and every one of them, and at all times material and relevant hereto, owned, operated and/or

controlled "customer premises equipment" as defined by the TCA, 47 U.S.C. § 153(14), that originated, routed, and/or terminated telecommunications.

32. Defendants, and each and every one of them, and at all times material and relevant hereto, engaged in "interstate communications" as defined by the TCA, 47 U.S.C. § 153(22).

33. Defendants, and each and every one of them, and at all times material and relevant hereto, engaged in "telecommunications" as defined by the TCA, 47 U.S.C. § 153(43).

34. Defendants, and each and every one of them, and at all times material and relevant hereto, used, controlled and/or operated "wire communications" as defined by the TCA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

35. Defendants, and each and every one of them, and at all times material and relevant hereto, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

36. At all times material and relevant hereto, Defendants, and each and every one of them, are jointly, severally, individually, vicariously, and/or equitably liable to the Plaintiff.

## IV. FACTUAL ALLEGATIONS

37. Plaintiff repeats the foregoing and incorporates the preceding and succeeding Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

38. At all times material and relevant hereto, Plaintiff was alleged by the Defendants, and each and every one of them, to be liable for a debt and/or an obligation of a consumer nature.

39. In or about August 2005, the Plaintiff relocated to a new residence bearing a new residential phone number.

40. Said residential phone number is not stated in this Civil Action Complaint in the interest of privacy; however, all parties hereto have been previously advised of said residential telephone number.

41. Plaintiff's residential telephone number was repeatedly, incessantly, and continuously called by the Defendants, and each and every one of them, from in or about August 2005 until December 2005, inclusively.

42. The Defendants, and each and every one of them, called the Plaintiff over the five-month period an approximate total of two-hundred (200) times.

43. The Defendants, and each and every one of them, having called the Plaintiff 200 times, left approximately 200

telephone messages on the Plaintiff's telephone answering
devices.

44.   The Defendants, and each and every one of them, called the
      Plaintiff using artificial and/or prerecorded voice
      technology beginning August 11, 2005, and left almost daily
      messages to the effect of:

         "Please call 1-877-803-8009.  This message
         is not a solicitation call.  It is in regards to
         a important business matter that needs your
         immediate attention.  Operation hours are Monday
         through Thursday, 8:00 a.m. to 11:00 p.m.,
         Eastern Standard Time; Friday, 8:00 a.m. to 9:00
         p.m., Eastern Standard Time; Saturday, 8:00 a.m.
         to 6:00 p.m., Eastern Standard Time; and Sunday,
         11:00 a.m. to 8:00 p.m., Eastern Standard Time.
         Again, please call 1-877-803-8009.  Thank you."

45.   Each of the telephone messages left by the Defendants, and
      each and every one of them, were approximately 1 minute and
      10 seconds in duration.

46.   The Plaintiff spent in excess of fifty-three (53) hours in
      trying to cease the telephone calls with various
      representatives of the Defendants, and each and every one
      of them as well as Southern Bell and the Escambia County
      Sheriff's Department.

47.   The Plaintiff in attempting to have his telephone number
      removed from the systems of the Defendants, and each and

every one of them, was routed through the United State, the Dominion of Canada, including Montreal, and the Republic of India, including New Delhi and Mumbai, speaking to in excess of twenty-nine (29) people.

48. The Plaintiff was forced to spend money, time, and resources to obtain telephone-company issued "Privacy Redirectors," call tracing features, each of which were defeated by technology fraudulently employed by the Defendants, and each and every one of them.

49. The Plaintiff at all times material and relevant hereto, owed the Defendants, and each and every one of them, Zero Dollars and No Cents ($0.00).

50. The Plaintiff at all times material and relevant hereto, never owed the Defendants, and each and every one of them, any money for any thing or any obligation.

51. At all times material and relevant hereto, and because and as a result of the acts and/or omissions of the Defendants, and each and every one of them, Plaintiff suffered emotional and psychological harm accompanied by physical manifestations of same causing him to experience headaches, nausea, embarrassment, humiliation, and loss of appetite and weight and caused Plaintiff to possibly incur loss of wages and/or impairment to earnings capacity.

52.  Facts stated hereto or herein shall not operate to the
     exclusion of other facts occurring contemporaneously or
     subsequently determined whether by further investigation
     and/or the discovery process contemplated by applicable
     rules governing the civil procedure of this Civil Action
     Complaint.

53.  Facts further cited herein and/or hereto shall not operate
     to the exclusion of other facts that can and/or may be
     alleged or discovered; factual investigation is ongoing and
     newly discovered facts and/or developed existing facts are
     reserved without prejudice to the Plaintiff.

## V. COUNT ONE
### (U.S. Fair Debt Collection Practices Act)

54.  Plaintiff repeats the foregoing and incorporates the
     preceding and succeeding Paragraphs of this Civil Action
     Complaint as if each of them was reprinted herein below.

55.  The Defendants, and each and every one of them, and at all
     times material and relevant hereto, unfairly, unlawfully,
     intentionally, deceptively, and fraudulently violated the
     FDCPA, 15 U.S.C. § 1692, *et seq*. including each and every
     subsection thereto and each and every paragraph and
     subparagraph thereto.

56.  The acts and/or omissions of the Defendants, and each and
     every one of them, and at all times material and relevant

hereto, and as described in this Civil Action Complaint, were done unfairly, unlawfully, intentionally, deceptively, and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and fraudulently coercing Plaintiff to pay the alleged debt in an unlawful manner.

57. As a causally-direct and legally proximate result of the above violations of the FDCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, caused the Plaintiff to sustain actual damages as a result of their unfair, unlawful, intentional, deceptive, and fraudulent coercion of Plaintiff to pay the alleged debt in an unlawful manner.

58. The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, and as described in this Civil Action Complaint, were done absent bona fide error, lawful right, legal defense, legal justification and/or legal excuse.

59. As a causally-direct and legally proximate result of the above violations of the FDCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, are liable to the Plaintiff for declaratory judgment that the Defendants' conduct violated the FDCPA,

and Plaintiff's actual damages, statutory damages, and costs and attorney fees.

## VI. COUNT TWO
### (U.S. The Communication Act of 1934)

60. Plaintiff repeats and incorporates the preceding and succeeding Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

61. The Defendants, and each and every one of them, and at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and fraudulently violated the TCA, 47 U.S.C. § 151, *et seq*.

62. The violations of the Defendants, and each and every one of them, and at all times material and relevant hereto, include, but in no manner shall they be limited to, the following:

   a. The Defendants, and each and every one of them, and at all times material and relevant hereto, made telephone calls and/or utilized telecommunication devices, whether or not conversation and/or communications took place, without disclosing their identities and with the unfair, unlawful, intentional, deceptive and fraudulent intent to annoy, abuse, threaten, or harass the Plaintiff at the called number while engaging in interstate debt collection, and thereby violated the

TCA, 47 U.S.C. § 223(a)(1)(C), giving rise to liability under the TCA, 47 U.S.C. § 223(f) and/or the TCPA, 47 U.S.C. § 227(b)(3).

b.   The Defendants, and each and every one of them, and at all times material and relevant hereto, made telephone calls and/or utilized telecommunication devices, whether or not conversation or communications took place, and made and/or caused the telephone of the Plaintiff to repeatedly or continuously ring and with the unfair, unlawful, intentional, deceptive and fraudulent intent to harass the Plaintiff at the called number while engaging in interstate debt collection and thereby violated the TCA, 47 U.S.C. § 223(a)(1)(D), giving rise to liability under the TCA, 47 U.S.C. § 223(f) and/or the TCPA, 47 U.S.C. § 227(b)(3).

c.   The Defendants, and each and every one of them, and at all times material and relevant hereto, made telephone calls and/or utilized telecommunication devices, to make repeated telephone calls or repeatedly initiate communication with a telecommunications device, during which conversation or communication ensues, and with the unfair, unlawful, intentional, deceptive and fraudulent purpose to harass the Plaintiff at the

called number or who received the communication while engaging in interstate debt collection and thereby violated the TCA, 47 U.S.C. § 223(a)(1)(E), giving rise to liability under the TCA, 47 U.S.C. § 223(f) and/or the TCPA, 47 U.S.C. § 227(b)(3).

d.   The Defendants, and each and every one of them, and at all times material and relevant hereto, knowingly permitted their telecommunication facilities under their control to be used for any activity prohibited by the TCA, and with the unfair, unlawful, intentional, deceptive and fraudulent intent that those telecommunication facilities be used for such activities while engaging in interstate debt collection and thereby violated the TCA, 47 U.S.C. § 223(a)(2), giving rise to liability under the TCA, 47 U.S.C. § 223(f) and/or the TCPA, 47 U.S.C. § 227(b)(3).

63.   The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently

coercing Plaintiff to pay the alleged debt despite
Plaintiff owing no obligation.

64.   The acts and/or omissions of the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, as described in this Civil Action Complaint were
      done unfairly, unlawfully, intentionally, deceptively and
      fraudulently and absent bona fide error, lawful right,
      legal defense, legal justification or legal excuse.

65.   As a causally-direct and legally proximate result of the
      above violations of the TCA, the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, caused the Plaintiff to sustain damages as a result
      of their innumerable telephone calls that harassed, annoyed
      and abused Plaintiff, disturbed the peace and tranquility
      of his home.

66.   As a causally-direct and legally proximate result of the
      above violations of the TCA, the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, caused the Plaintiff to sustain damages and
      experience severe and ongoing emotional, psychological, and
      physical distress and physical responses to the repeated
      telephone calls.

67.   As a causally-direct and legally proximate result of the
      above violations of the TCA, the Defendants, and each and

every one of them, and at all times material and relevant
hereto, are liable to the Plaintiff for declaratory
judgment that the Defendants' conduct violated the TCA, and
Plaintiff's actual damages and costs and attorney fees.

### VII. COUNT THREE
### (U.S. Telephone Consumer Protection Act of 1991
### and 47 C.F.R. 64.1200, *et seq.*)

68. Plaintiff repeats and incorporates the preceding and
succeeding Paragraphs of this Civil Action Complaint as if
each of them was reprinted herein below.

69. The Defendants, and each and every one of them, and at all
times material and relevant hereto, unfairly, unlawfully,
intentionally, deceptively and fraudulently violated the
TCPA, 47 U.S.C. § 227, *et seq.* and 47 C.F.R. 64.1200, et
seq.

70. The violations of the Defendants, and each and every one of
them, and at all times material and relevant hereto,
include, but in no manner shall they be limited to, the
following:

a.   The Defendants, and each and every one of them, and at
all times material and relevant hereto, used automatic
telephone dialing systems that had capacity to store
or produce telephone numbers using random or
sequential number generation and dialed the telephone
number associated with the Plaintiff.

b.   The Defendants, and each and every one of them, and at
     all times material and relevant hereto, initiated
     telephone calls to Plaintiff's residential telephone
     line using artificial and/or prerecord voices to
     deliver messages without the express consent of the
     Plaintiff to initiate telephone calls to Plaintiff's
     residential telephone line using an artificial or
     prerecorded voice to deliver a message without the
     prior express consent of the Plaintiff and thereby
     violated the TCPA, 47 U.S.C. § 227(b)(1)(B).

c.   The Defendants, and each and every one of them, and at
     all times material and relevant hereto, initiated
     communication to the Plaintiff using an automatic
     telephone dialing system that was not in compliance
     with the technical and procedural standards prescribed
     by the TCPA, 47 U.S.C. § 227, and/or used an automatic
     telephone dialing system not in compliance with such
     standards and thereby violated the TCPA, 47 U.S.C. §
     227(d)(1)(A).

d.   The Defendants, and each and every one of them, and at
     all times material and relevant hereto, initiated
     communication to the Plaintiff that failed to
     automatically release the Plaintiff's line within five
     (5) seconds of the time notification is transmitted to

the system that the Plaintiff has hung up to allow for the Plaintiff's line to be used to make and/or receive other telephone calls and thereby violated the TCPA, 47 U.S.C. § 227(d)(3)(B).

e.   The Defendants, and each and every one of them, and at all times material and relevant hereto, initiated artificial and/or prerecorded telephone communications to the Plaintiff while failing at the beginning of the communications to state clearly their registered name identity in violation of 47 C.F.R. 64.1200(b)(1).

71.   The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt despite Plaintiff owing no obligation.

72.   The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

73.   The acts and/or omissions of the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, as described in this Civil Action Complaint were
      not acted or omitted pursuant to 47 C.F.R. 64.1200(f)(2)
      (regarding "emergency purposes"), nor 47 C.F.R.
      64.1200(f)(3) (regarding "established business
      relationships").

74.   As a causally-direct and legally proximate result of the
      above violations of the TCPA, the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, caused the Plaintiff to sustain damages as a result
      of their innumerable telephone calls that harassed, annoyed
      and abused Plaintiff, disturbed the peace and tranquility
      of his home.

75.   As a causally-direct and legally proximate result of the
      above violations of the TCPA, the Defendants, and each and
      every one of them, and at all times material and relevant
      hereto, caused the Plaintiff to sustain damages and
      experience severe and ongoing emotional, psychological, and
      physical distress and physical responses to the repeated
      telephone calls.

76.   As a causally-direct and legally proximate result of the
      above violations of the TCPA, the Defendants, and each and
      every one of them, and at all times material and relevant

hereto, are liable to the Plaintiff for declaratory judgment that the Defendants' conduct violated the TCPA, and Plaintiff' actual damages, statutory damages, treble damages, and costs and attorney fees.

77. Plaintiff received approximately 200 telephone calls of an artificial and/or prerecorded nature entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C. § 227(d)(3)(B), from the Defendants, and each and every one of them, in the amount of One Hundred Thousand Dollars and No Cents ($100,000.00).

78. The Defendants, and each and every one of them, caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of Three Hundred Thousand Dollars and No Cents ($300,000.00) pursuant to the TCPA, 47 U.S.C. § 227(d)(3).

## VIII. COUNT FOUR
### (Invasion of Privacy – Unreasonable Intrusion upon Seclusion)

79. Plaintiff repeats and incorporates the preceding and succeeding Paragraphs of this Civil Action Complaint as if each of them was reprinted herein below.

80.   The Defendants, and each and all of them, and at all times material and relevant hereto, invaded the privacy of the Plaintiff by unreasonably intruding upon his seclusion.

81.   The Defendants, and each and all of them, and at all times material and relevant hereto, intentionally intruded, physically or otherwise, upon the solitude and/or seclusion of the Plaintiff or his private affairs or concerns in a manner which was highly offensive to the Plaintiff and other reasonable persons if same should be in similar positions.

82.   The Defendants', and each and all of them, and at all times material and relevant hereto, intentional intrusions, physical or otherwise, upon the solitude and/or seclusion of the Plaintiff were substantial and highly offensive.

83.   The Defendants, and each and all of them, and at all times material and relevant hereto, intruded upon the seclusion of the Plaintiff by:

   a.   The Defendants, and each and every one of them, called the Plaintiff over the five-month period an approximate total of two-hundred (200) times.

   b.   The Defendants, and each and every one of them, having called the Plaintiff 200 times, left approximately 200 telephone messages on the Plaintiff's telephone answering devices.

c.   The Defendants, and each and every one of them, called the Plaintiff using artificial and/or prerecorded voice technology beginning August 11, 2005, and left almost daily messages to the effect of:

> "Please call 1-877-803-8009.  This message is not a solicitation call.  It is in regards to a important business matter that needs your immediate attention. Operation hours are Monday through Thursday, 8:00 a.m. to 11:00 p.m., Eastern Standard Time; Friday, 8:00 a.m. to 9:00 p.m., Eastern Standard Time; Saturday, 8:00 a.m. to 6:00 p.m., Eastern Standard Time; and Sunday, 11:00 a.m. to 8:00 p.m., Eastern Standard Time.  Again, please call 1-877-803-8009.  Thank you."

d.   Each of the telephone messages left by the Defendants, and each and every one of them, were approximately 1 minute and 10 seconds in duration.

e.   The Plaintiff spent in excess of seventy-three (73) hours in trying to cease the telephone calls with various representatives of the Defendants, and each and every one of them as well as Southern Bell and the Escambia County Sheriff's Department.

f.   The Plaintiff in attempting to have his telephone number removed from the systems of the Defendants, and

each and every one of them, was routed through the United State, the Dominion of Canada, including Montreal, and the Republic of India, including New Delhi and Mumbai, speaking to in excess of twenty-three (23) people.

g.   The Plaintiff was forced to spend money, time, and resources to obtain telephone-company issued "Privacy Redirectors," call tracing features, each of which were defeated by technology fraudulently employed by the Defendants, and each and every one of them.

84.   As a causally-direct and legally proximate result of the innumerable telephone calls that harassed, annoyed and abused Plaintiff, disturbed the peace and tranquility of his home and invaded Plaintiff's privacy and intruded upon his seclusion.

85.   At all times material and relevant hereto, the Defendants, and each and all of them, have caused Plaintiff to experience severe and ongoing emotional, psychological, and physical distress and physical responses to the repeated telephone calls and invaded Plaintiff's privacy and intruded upon his seclusion.

86.   As a causally-direct and legally proximate result of the intentional intrusion upon seclusion, the Defendants, and each and all of them, and at all times material and

relevant hereto, are liable to the Plaintiff for declaratory judgment that the Defendants' conduct constituted invasion of privacy by intrusion upon seclusion, actual damages, and punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, and each and every one of them, for the following:

a.    Actual damages against the Defendants, and each and every one of them, pursuant to the consumer protection provisions found within the FDCPA, 15 U.S.C. § 1692(k)(1), the TCA, 47 U.S.C. § 223(f), and under the tort of Invasion of Privacy – Intrusion upon Seclusion.

b.    Statutory damages against the Defendants, and each and every one of them, pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A and the TCPA, 47 U.S.C. § 227(b)(3).

c.    Punitive damages to punish the Defendants, and each and every one of them, for inflicting an intentional tort upon the Plaintiff in the nature of Invasion of Privacy – Intrusion upon Seclusion.

d.    Costs and reasonable attorneys fees against the Defendants, and each and every one of them, pursuant to the U.S. Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(a)(3).

e.      Injunctive relief against the Defendants, and each and every one of them, against any further communication, contacts, telephone calls, or otherwise.

f.      For such other and further relief as may be just and proper.

g.      Plaintiffs reserve the right and hereby notice the Defendants, and each and every one of them, to request other forms of relief not specifically enumerated herein or hereto.

87.  Plaintiff demands a trial by jury for all issues so triable.

BY:    <u>s/JAM5952</u>
Joseph A. Mullaney, III, Esquire
Brian T. Shaw, Esquire
Attorneys for the Plaintiff
**LAW OFFICES OF DIMITRIOS KOLOVOS, LLC**
701 White Horse Road, Suite 3
Voorhees, NJ 08043
Telephone:  856-784-0101
Facsimile:  856-784-5558