IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. WATSON | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NCO GROUP, INC., et. al. | : | NO. 2:06-CV-1502 |
| Defendants. | : | |

ORDER

AND NOW, this 3rd day of October, 2006 upon consideration of Defendants' Motion to Dismiss (Doc. No. 7) Counts Two and Three of Plaintiff's Complaint, it is hereby ORDERED the Defendants' motion is GRANTED with respect to Count Two, and DENIED with respect to Count Three for the reasons set forth below.

Plaintiff alleges that in August of 2005, after initiating telephone service in a new residence, he began receiving repeated prerecorded or mechanical telephone calls from a debt service to which he owed no debt. He alleges that he received more than 200 calls in a five month period and that he spent in excess of 53 hours speaking with approximately 29 of Defendants' agents in an attempt to correct the problem. His attempts failed and he brings various claims before the Court including violation of the Communications Act of 1934, 47 U.S.C. § 223 (Count Two)[1], and violation of the Telephone Consumer Protection Act ("TCPA"),

---

[1] Plaintiff concedes that the Communications Act of 1934 is a criminal statute and agrees to the dismissal of Count Two.

47 U.S.C. § 227 (Count Three).

## I. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will be granted when the moving party demonstrates that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In reviewing such a motion, the court will accept all allegations in the complaint as true and will draw all reasonable inferences in the light most favorably to the non-moving party. Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1984).

## II. Telephone Consumer Protection Act

The TCPA, in relevant part, makes it "unlawful to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications Commission] ("FCC") under paragraph (2)(B)." 47 U.S.C. § 227(b)(1)(B). The TCPA provides that the FCC may exempt from coverage (i) calls that are not made for commercial purposes and (ii) calls made for commercial purpose where the FCC determines that the call (I) will not adversely affect the privacy rights intended to be protected by the TCPA and (II) does not include the transmission of any unsolicited advertisement. 47 U.S.C. § 227(b)(2)(B).

The FCC exercised it authority to create exemptions with the issuance of its October 16, 1992 Report and Order. 7 FCC Rcd. 8752 (1992). Therein, the FCC created an express exemption for calls made to a party with whom the caller has an established business

relationship. Id.; 47 C.F.R. § 64.1200(a)(2)(iv). In this report, the FCC then addressed debt collection calls and declared that "all debt collection circumstances involve a prior or existing business relationship." 7 FCC Rcd. 8752, 8771-8772. The report continued, "an express exemption from the TCPA's prohibitions for debt collection calls is unnecessary because such calls are adequately covered by exemptions we are adopting here for commercial calls which do not transmit an unsolicited advertisement and for established business relationships." Id. at 8773.

The FCC reiterated its position on debt collection in a Memorandum and Order issued on August 7, 1995, and again stated that such calls fall under either the exemption for established business relationships or the exemption for commercial calls that do not adversely affect privacy interests and do not transmit an unsolicited advertisement. 10 FCC Rcd. 12,391, 12,400 (1995).

Defendants rely on the FCC's commentary and regulations to assert that all debt collection calls, including those erroneously made to non-debtors, are exempt from TCPA. The Court disagrees with Defendants' interpretation.

The Court notes that the FCC has not directly addressed the issue of erroneous debt collection calls.[2] In promulgating these regulations, the FCC proceeded from the premise that "all debt collection calls involve a prior or existing business relationship." 7 FCC Rcd. 8752. Since an erroneously called non-debtor has no such existing business relationship, it follows that the purview of the FCC's exemption does not extend to the type of calls made in this case.

Because the calls at issue in this case do not fall into the first exemption for existing

---

[2] While the Court notes that the Plaintiff has filed a petition with the FCC seeking clarification of rules related to calls to non-debtors, it is unnecessary (as requested by the Plaintiff) for the Court to hold disposition of this motion in abeyance until the FCC has acted on the petition.

business relationships, the Court must determine whether these calls are covered by the exemption for commercial calls that do not adversely affect privacy rights and do not transmit an unsolicited advertisement. Since it is clear that no advertisement was transmitted, the relevant inquiry is whether privacy rights are adversely affected. In addressing this question, Defendants contend that the FCC already declared that debt collection calls do not produce such an effect. In so asserting, Defendants overlook the fact that the FCC made this pronouncement under the assumption that debt collection calls would be made only to debtors (ie. those with an established business relationship). See 7 FCC Rcd. 8752. Because the facts of this case belie that assumption, the FCC's pronouncement does not address the privacy rights implicated here. The fact is, by virtue of staying out of debt, a non-debtor has vastly greater privacy rights than someone who has fallen into debt. While the FCC has declared that a debtor's privacy rights are not adversely affected when he receives debt collection calls, the Court is convinced that a non-debtor's rights are in fact violated when he is subjected to repeated annoying and abusive debt collection calls that he remains powerless to stop.

In its Reply to the Plaintiff's Opposition, Defendants argue that Count Three should be dismissed because Congress enacted the TCPA only to regulate telemarketing calls and facsimiles. While it is apparent that the statute was primarily intended to address abusive telemarketing practices, the Court cannot conclude that the TCPA excludes regulation of other types of calls that utilize artificial or prerecorded messages. This determination is predicated on the plain language of the statute.

The TCPA allows the FCC to exempt calls made for commercial purposes where the FCC determines that the call (I) will not adversely affect the privacy rights intended to be

4

protected by the TCPA and (II) does not include the transmission of any unsolicited advertisement.  47 U.S.C. § 227(b)(2)(B).  If Congress intended the statute to only address telemarketing calls, it would have been unnecessary to include the first clause of the exemption requiring the FCC to determine whether privacy interests would be adversely affected.  If that were Congress' intent, the exemption would have simply protected calls that do not include unsolicited advertisements (ie. non-telemarketing calls).  Because accepting the Defendants' interpretation would render a portion of the statute superfluous, the Court will decline to do so.  See Duncan v. Walker, 533 U.S. 164, 174 (2001) ("[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (citations omitted).

      Defendants' Motion to Dismiss Count Three is DENIED.  Defendants' Motion to Dismiss Count Two is GRANTED

BY THE COURT

/S/LEGROME D. DAVIS

Legrome D. Davis J.