## UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES M. WATSON,<br><br>          Plaintiff,<br><br>     v.<br><br>NCO FINANCIAL SYSTEMS, INC., et al.<br><br>          Defendants. | **DOCKET NO.:  06-cv-1502**<br><br>**Plaintiff's Response to Defendants' Reconsideration Motion** |

Plaintiff hereby, James M. Watson, responds to the Defendants' Motion for Reconsideration/to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 21) (hereinafter, "Reconsideration Motion").

**I.    PROCEDURAL HISTORY**

Plaintiff filed a Civil Action Complaint on April 10, 2006 alleging violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Federal Communications Act (hereinafter "FCA"), 47 U.S.C. § 151, *et seq.*, the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, *et seq.* as well as the intentional tort of Invasion of Privacy – Intrusion upon Seclusion. *See* Docket No. 1.  On June 30, 2006, Defendants filed their Rule 12(b)(6) Motion seeking to dismiss Counts II and III, the FCA and the TCPA, respectively. *See* Docket No. 7.  On October 3, 2006, the Court granted Defendants' Rule 12(b)(6) motion to dismiss the Plaintiff's FCA count and denied Defendant's motion to dismiss Plaintiff's TCPA

count (hereinafter, "Order").  *See* Docket No. 20.  Thereafter, on
October 10, 2006, Defendants filed a Motion for Reconsideration of
the Order, for the first time attacking subject matter
jurisdiction and renewing the argument over TCPA coverage, which
this Court already denied.  Plaintiff now presents with his
response in opposition to Defendants' Reconsideration Motion.

**II.  STANDARD OF REVIEW**

   **A.   A Motion for Reconsideration Filed under Fed. R. Civ.
         Proc. 59(e) Should Only be Granted Sparingly:  No
         Compelling Basis has Been Proffered.**

Defendants have sought relief under Fed. R. Civ. P. 59(e).
In point of fact, this Court's interlocutory order and decision
denying Defendants' motion to dismiss is properly resolvable (if
at all) under E.D. Loc. R. 7.1 governing motions for
reconsideration.  Yet, Defendants neglected to even cite the rule
or to mention the substantial hurdles for such motions under this
Court's settled jurisprudence.  *See Colonial Ins. Co. v. The
Mercantile and Gen. Reassurance Co.*, 2004 WL 414078 (E.D. Pa.
March 1, 2004) (Motions for reconsideration "should not re-
litigate issues already resolved by the Court and should not be
used to put forward additional arguments which [a movant] could
have made but neglected…").  It is telling that NCO did not even
consider or argue the jurisdictional issue in **three** separate
briefs in support of their 12(b) motion, (Doc. 7, 14, 18), and now
apparently needs a fourth brief to make its point on the imaginary

FCC exemption which was already raised and litigated in said briefs.

A Rule 59(e) motion requesting that a prior judgment be altered or amended must rely on one of three grounds:[1] one, an intervening change in controlling law; two, the availability of new evidence not available previously; or three, the need to correct clear error of law or prevent manifest injustice. *See North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). However, "[b]ecause federal courts have a strong interest in finality of judgments, **motions for reconsideration should be granted sparingly**." *Max's Seafood Café,* 176 F.3d 668, 677 (3d Cir. 1999) (quoting *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (emphasis added).

Defendants put forth no evidence of any intervening change in the law nor any compelling need to correct a clear error of law. This case is only in its early stages and the litigation will slow to a standstill if the Defendants are permitted to reargue and re-litigate every conceivable point. On these grounds alone, their Motion should be denied.

---

[1]   Rule 59(e) by its terms, applies only to judgments.  No judgment has been entered and Rule 59 does not apply.  Although Rule 60(b) can be applied to an Order, NCO cites to Rule 60 without specifying or informing the record as to which of the narrow grounds are said to apply.  *See* NCO Motion for Reconsideration, Doc. 21, ¶14.

**B.    A Motion for Relief from an Order pursuant to Fed. R. Civ. Proc. 60(b) Should Only be Granted in the Most Extraordinary of Circumstances.**

Rule 60(b) allows a party to seek relief from a judgment or order under a limited set of circumstances, including fraud, mistake, and newly discovered evidence.  Thus, the allegation of legal error "without more does not justify the granting of relief under Rule 60(b)(6)."  *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004).  This is particularly so where the ruling in issue is merely a 12(b) motion to dismiss.  Such motions are disfavored, and issues may always be revisited at summary judgment.  **"[O]nly 'extraordinary, and special circumstances' justify relief under Rule 60(b)(6)."**  *Id.* (quoting *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986)(emphasis added).

Defendants put forth no evidence in their Rule 60(b) Motion to support any of the specified grounds.  This Court has already indulged the Defendants, allowing them not one but **three** briefs to try to make their point before this Court ruled.[2]  A motion for reconsideration that is founded on the wrong rule(s) of procedure, lacking substantial explanation, and rehashing old ground should be denied.

In the event this Court considers Defendants' motion for reconsideration on the merits, however, Plaintiff proffers his response below.

_____

[2] For this reason, Plaintiff opposes the filing of any further briefs here by the Defendants on reconsideration.  Four bites at the apple is quite enough.

**III. ARGUMENTS**

    **A.**    **THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S TCPA CLAIMS; TO DO OTHERWISE WOULD LEAD TO ANOMALOUS, POSSIBLY DANGEROUS DECISIONS.**

"Except as provided in subsections (b) and (c) or as expressly provided otherwise by federal statute, in any civil action of which the district courts have original jurisdiction, the district courts **shall have supplemental jurisdiction** over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (emphasis added). The use of the word "shall" in the statute emphasizes Congress' intent to mandate the use of supplemental jurisdiction except in cases falling under the limited exceptions provided in the statute. There is no express directive in the TCPA to federal courts to decline supplemental jurisdiction. *See*, generally, 47 U.S.C. § 227, *et seq.*

Federal courts regularly exercise supplemental jurisdiction over TCPA claims where separate "federal question" claims exist in the same case. *See Gottlieb v. Carnival Corporation*, 436 F.3d 335, 342 (2d Cir. 2006)(discussed *infra.*); *Klein v. Vision Lab Telecommunications, Inc.*, 399 F. Supp. 2d 528 (S.D.N.Y. 2005); *Saporito v. Vision Lab Telecommunications, Inc.*, 2005 U.S. Dist.

LEXIS 43651 (E.D.N.Y. 2005) (unpublished)[3]; *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50 (D.D.C. 2003); *Kinder v. Citibank*, 2000 U.S. Dist. LEXIS 13853 (S.D. Cal. 2000).

The most recent appellate court following this line of reasoning is the Second Circuit.  The Court held that district courts may exercise supplemental jurisdiction over TCPA claims:

> [The Defendant's] interpretation of the [TCPA] would preclude the federal courts from exercising **supplemental jurisdiction,** pursuant to 28 U.S.C. § 1367, over TCPA claims.  Thus, where a federal court exercised federal question jurisdiction over a claim involving other provisions of the Communications Act or diversity jurisdiction over a claim under a parallel state statute, it could not hear a related TCPA claim.  In the absence of a clear expression of congressional intent that federal courts under no circumstances are to hear private TCPA claims, **we have neither the authority nor the inclination to countenance such a result.**"
> *Gottlieb,* 436 F.3d at 342-43 (emphasis added).

Similar to the Third Circuit, the Second Circuit had previously held that federal courts have no independent "federal question" jurisdiction under 28 U.S.C. § 1331.  *See Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 156 F.3d 432 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*,

---

[3] *Saporito v. Vision Lab Telecommunications, Inc.* is marked "not for publication."  It is offered for the persuasive analysis of the issues and its sweeping survey of pertinent authority.

156 F.3d 513 (3d Cir. 1998).  The *Gottlieb* Court distinguished *Foxhall* on the facts and the law, and reversed a dismissal entered for lack of subject matter jurisdiction, holding:

> We did not consider in *Foxhall* whether Congress intended that federal courts have diversity [or supplemental] jurisdiction over private TCPA claims. Our discussion of "exclusive jurisdiction" in *Foxhall* must be read in context.  *Foxhall* dealt only with federal question jurisdiction; [neither] diversity [nor supplemental] jurisdiction was [] raised in *Foxhall*. Our ruling in *Foxhall* thus does not govern the resolution of this case.
> *Gottlieb,* 436 F.3d at 337.

Likewise, the Third Circuit *ErieNet* decision when discussing "exclusive jurisdiction" dealt strictly with federal question jurisdiction under § 1331 or § 1337 as that was the only issue before it.  *ErieNet* did not intend nor did it hold that a district court may not exercise supplemental jurisdiction where invoked. NCO's instant argument reflects a tortured interpretation of *ErieNet*. (*See* NCO Br. at p. 3-4).  This tortured interpretation has been thoroughly rejected by the circuit courts that have dealt with it.  *See Gottlieb, supra; Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005), *infra*.

In this instant matter, Plaintiff has asserted both FDCPA and TCPA claims arising from the same nucleus of facts, i.e., the identical robotic dunning calls.  This Court presently has

"federal question" jurisdiction over the FDCPA claims which the Defendants do not challenge.  None of the exceptions to supplemental jurisdiction under § 1367 are met or argued. Accordingly, this Court may and should exercise supplemental jurisdiction over Plaintiff's TCPA claims.

Should this Court follow the logic of the Defendants, Plaintiff would have to maintain two separate actions for the same set of facts in two different fora.  This would be absurd as the scarce resources of two courts would be expended to deal with the same facts; Plaintiff and Defendants would have to incur two separate legal services bills; there would be duplicative discovery with the attendant expenses, and there is a genuine possibility of inconsistent factual and legal holdings.  *See Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995) (affirming refusal to remand a removed case where doing so under § 1367(c) would have resulted in "two parallel proceedings, one in federal court and one in the state system.")  This would not only be contrary to sound judicial economy, *see Fed. R. Civ. P. 1,* but would also go against the grain of the TCPA itself to expedite resolution of such claims in the least expensive manner.

Moreover, declination of supplemental jurisdiction would result in – indeed require – claim splitting, where causes of action arising from the same transaction are split among different courts.  It is settled that claim-splitting is to be avoided.  See

*Turner v. Crawford Square Apartment III, L.P.*, 449 F.3d 542, 551 (3d Cir. 2006) (recognizing Pennsylvania courts' long-standing disapproval of claim splitting and the "sound policy" of avoiding the split of claims arising from the same wrongful act). Likewise, piecemeal litigation, invited by the Defendants, should also be also avoided. *See Churchill v. Star Ent.*, 183 F.3d 184, 194 (3d Cir. 1999)(internal citations omitted).  This Court should not countenance the absurd results requested by the Defendants.

### B.   THE COURT SHOULD EXERCISE DIVERSITY JURISDICTION OVER PLAINTIFF'S TCPA CLAIMS.

Federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  Although Plaintiff did not specifically plead diversity jurisdiction, the complaint reveals that both prongs are met and Plaintiff will amend if necessary to specifically add an allegation of § 1332 jurisdiction.

While most courts have stated that "federal question" jurisdiction is not conferred by the TCPA, the majority of courts to have considered the question have concluded that "diversity jurisdiction" under § 1332 does exist over TCPA claims where the amount-in-controversy and citizenship thresholds are met.  *See Gottlieb*, 436 F.3d at 340-41.  (Congress "did not divest the federal courts of diversity jurisdiction over private actions

under the TCPA.")  *See also G.M. Sign, Inc. v. Global Shop
Solutions, Inc.*, 430 F. Supp. 2d 826 (N.D. Ill. 2006) (recognizing
federal question and diversity jurisdiction); *Klein*, 399 F. Supp.
2d at 528;(finding both diversity and supplemental jurisdiction);
*Adler v. Vision Lab Telecommunications, Inc.*, 393 F. Supp. 2d 35
(D.D.C. 2005) (recognizing diversity jurisdiction); *Accounting
Outsourcing, LLC v. Verizon Wireless Personal Communications,
L.P.*, 329 F. Supp. 2d 789 (M.D. La. 2004) (recognizing diversity
jurisdiction) (*Verizon II*); *Kopff v. World Research Group, LLC*,
298 F. Supp. 2d 50 (D.D.C. 2003) (recognizing supplemental and
diversity jurisdiction.); and *Accounting Outsourcing, LLC v.
Verizon Wireless Personal Communications, L.P.*, 294 F. Supp. 2d
834 (M.D. La. 2003) (recognizing diversity jurisdiction.) (*Verizon
I*).

The *Gottlieb* Court's cogent holding belies Defendants'
specious claim that the TCPA somehow vests sole and exclusive
jurisdiction in the state courts.  "Nothing in § 227(b)(3) [of the
TCPA], [n]or in any other provision of the statute, expressly
divests federal courts of diversity jurisdiction over private
actions under the TCPA."  *Id.*  Therefore, **"we conclude that
Congress did not intend to divest the federal courts of diversity
jurisdiction over private causes of action under the TCPA.**"  *Id.*
at 343 (emphasis added).  The Seventh Circuit stated, too, that
while six Courts of Appeal have come to similar conclusions that

the TCPA does not in itself create federal question jurisdiction, **none of them have held that a TCPA suit may not be removed under diversity jurisdiction**. *See Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 450 (7th Cir. 2005)(distinguishing *Erie Net*).

Applying diversity jurisprudence to the case at bar, Plaintiff claims Defendants called him at his telephone number using artificial and/or prerecorded telephone voice technology approximately 200 times.  For each call, the TCPA provides a remedy of $500.00 minimum to a maximum damage of $1500.00.  47 U.S.C. §227(b)(3).  The range of value is $100,000.00 to $300,000.00, not including statutory and actual damages arising under the FDCPA, statutory counsel fees, nor his damages arising from Defendants' invasion of his privacy.  Thus, Plaintiff asserts a value greater than the $75,000.00.  Further, Plaintiff is a citizen of Florida.  All Defendants are citizens of other states.  Diversity jurisdiction is met and should operate as an independent means for allowing Plaintiff's TCPA claims to be heard in the current forum.

   C.   **UNDER *CHEVRON*, AN UNAMBIGUOUS STATUTE FORECLOSES AN AGENCY'S INTERPRETATION AND DISPLACES A CONFLICTING AGENCY CONSTRUCTION OF A STATUTE; THE APPLICABLE TCPA IS UNAMBIGUOUS RENDERING INCONSISTENT FCC REGULATIONS VOID.**

This Court's October 3, 2006 ruling rejecting Defendants' claim of immunity under the FCC regulations was entirely correct.  This Court held that the FCC "has not directly addressed the issue

of erroneous debt collection calls," but since such calls do **not** "involve a prior or existing business relationship… it follows that the purview of the FCC's exemption does not extend to the type of calls made in this case." Slip Op. at 3. The Court's October 3, 2006 ruling was completely correct under law and recognized the public policy against unwanted, annoying, and robotic calls which the statute embraces.

To the extent a Chevron analysis is necessary, the regulation is not entitled to deference if it would exclude coverage for these calls to Plaintiff. *Chevron* establishes a two-step procedure for determining whether an agency's regulatory interpretation of a statute is lawful. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The first step requires a court to ascertain whether the statute's plain terms "directly addresses the precise question at issue." *Id.* at 843. "If the statute is ambiguous on the point, we defer at step two to the agency's interpretation so long as the construction is 'a reasonable policy choice for the agency to make.'" *National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2702 (2005) (citing *Chevron* at 845) (hereinafter, "*National Cable*"). "**In the context of an unambiguous statute, [a court] need not contemplate deferring to [an] agency's interpretation.**" *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 462 (2002) (citing *Chevron* at 842) (emphasis added). The proponent of non-

ambiguity must show that the statute in question "is unambiguous or, in other words, that Congress 'has directly spoken to the precise question at issue.'" *Pharmaceutical Research and Mfrs. of America v. Walsh*, 538 U.S. 644, 681 (2003) (concurring) (quoting *Chevron* at 842). This Court wisely recognized the simple reality that the FCC never intended to shield renegade debt collectors who hound the wrong person for money factually not owed. For this simple reality, it is not necessary to engage in a detailed *Chevron* analysis. Nonetheless, in an abundance of caution, Plaintiff submits that the Court may not dismiss Plaintiff's claims under the regulation pursuant to *Chevron*.

The statute itself resolves the Defendants' Motion. All artificial or prerecorded telephone calls are unlawful unless exempted by the TCPA or by FCC regulations, **provided** that the FCC exempts only those types of call that do not "adversely affect the privacy rights that [the TCPA] is intended to protect… **and** do not include the transmission of any unsolicited advertisement." 47 U.S.C. § 227(b)(2)(B)(ii)(I & II) (emphasis added).[4] Thus, Congress intended and stated that **two prongs** were necessary to exempt from the TCPA any commercial calls. The Court so recognized in its opinion denying NCO's motion to dismiss. *See* Slip. Op. at 2.

---

[4] The legislative purpose – to protect consumers from annoying and invasive telephone calls - is evident in the statute. *See* 47 U.S.C. §227, Note – Congr. Findings, 5, 6, P.L. 102-243(1991).

Next, the regulation found within the CFR states:

    (a)  No person or entity may…

        (2)  Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call…

            (iii)    Is made for a **commercial purpose** but does **not** include or introduce an **unsolicited advertisement** or constitute a telephone solicitation;

47 C.F.R. § 64.1200 (emphasis added).

In the regulation, the Court can see that only one of Congress' two prongs made it to the CFR. Therefore, because the statute is plain, clear, and unambiguous, the inconsistent FCC regulation containing only one of Congress' two prongs for FCC regulatory exemption is null. Congress was not concerned solely with whether or not organizations were transmitting solicitations via artificial or prerecorded voice technology: It was equally concerned that any use of artificial or prerecorded communications was invading consumer privacy. Otherwise, the statute would have been restricted accordingly.

Under *Chevron*, an inconsistent FCC regulation must yield in favor of the non-ambiguity found in the TCPA statute.  Had the FCC been more careful about the precise wording of its regulation, in faithfulness to the statute Congress passed, the CFR should have only exempted commercial calls that 1) do not adversely affect the privacy rights of a callee and 2) do not transmit unsolicited advertisements.  Ultimately, Congress did not empower the FCC to create exceptions that would swallow the rule.  The FCC's failure to consider its mandate renders its interpretative regulations void.  *See Barnhart*, 534 U.S. at 462.

Despite the lacking CFR regulation, the FCC did recognize its congressional mandate in prior orders and holdings that the TCPA "permits the Commission to exempt from the residential prohibition… commercial calls which do not adversely affect the privacy rights of the called party **and** which do not transmit an unsolicited advertisement."  Report and Order, Para. 27 (citing 47 U.S.C. § 227(b)(2)(B)) (emphasis added).  The FCC continued, "Although the TCPA does not explicitly exempt prerecorded message calls from a party with whom the consumer has an established business relationship, it provides an exemption for commercial calls which do not adversely affect residential subscriber privacy interests **and** do not include an unsolicited advertisement."  *Id.* at Para. 34 (emphasis added).

This Court correctly denied NCO's motion to dismiss. The FCC did not and could not exempt the calls at issue in this case, placed to an innocent consumer with no business relationship with the Defendants.

**V.   CONCLUSION**

The Defendants have not stated sufficient grounds to obtain relief under E.D. Local Rule 7.1, Fed. R. Civ. P. 59(e), or Fed. R. Civ. P. 60(b).  Accordingly, the motion should be denied.

While original federal question jurisdiction does not arise under the TCPA simply because it is a federal statute, a federal court can and should exercise supplemental jurisdiction over a TCPA claim where, as here, a valid federal question claim is stated under the FDCPA upon an identical set of facts. Additionally, the Court can and should exercise diversity jurisdiction as the amount in question is greater than $75,000 and the parties are of different citizenships.

Defendants' redundant argument that the TCPA cannot cover debt collection activity is belied by the plain language of the Act.   The TCPA clearly and unambiguously permits the FCC to exempt only those commercial calls that do not injure the privacy rights of consumers and do not contain advertisements, as was recognized by the Court.  Congress passed the TCPA precisely to redress annoying, unwelcome and harassing robotic telephone calls like those endured some 200 separate times by the Plaintiff.

For all the above reasons, Plaintiff respectfully requests this Honorable Court to deny Defendants motion for reconsideration.


<u>November 17, 2006</u>      Respectfully submitted,
       Dated

                        Joseph A. Mullaney, III, Esquire
                        Brian T. Shaw, Esquire
                        **LAW OFFICE OF DIMITRIOS KOLOVOS, LLC**
                        701 White Horse Road, Suite 3
                        Voorhees, NJ 08043
                        Phone:   856-784-0101
                        Fax:     856-784-5558
                        Email:   JAM@PennJerseyLawyers.com

                        Cary L. Flitter
                        **LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
                        450 N. Narberth Avenue
                        Narberth, PA 19072
                        Phone:   610-822-0782
                        Fax:     610-667-0552
                        Email:   CFlitter@LFBB.com